3047213-MLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| KATHLEEN ROUSCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| | ) |
| MAC'S CONVENIENCE STORES, LLC, | ) |
| (d/b/a CIRCLE K) | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

The Defendant, MAC'S CONVENIENCE STORES, LLC d/b/a Circle K ("Defendant" or "Movant"), by and through its attorneys, Michelle L. Casper and Allyse Wirkkala of SmithAmundsen LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Southern District of Indiana, New Albany Division, and in support thereof, states as follows:

1. The Movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. The named Plaintiff is currently and was at the time of the subject accident a citizen and resident of the State of Kentucky. (*See* Complaint filed in the Jefferson Superior Court, Indiana (Cause No. 39C01-2011-CT-00814) ("State Court Action"), attached as Exhibit A, and Plaintiff's Responses to Requests to Admit, attached as Exhibit B).

3. Both at the time of the commencement of the State Court Action and at the present time, the Defendant, Mac's Convenience Stores, LLC d/b/a Circle K, was a single-member limited liability company with its sole member being Couche-Tard U.S. Inc. Couche-Tard U.S. Inc. is a

Delaware corporation with its principal place of business in Tempe, Arizona. Accordingly, Defendant is a citizen of Delaware and Arizona only. *Cosgrave v. Brotolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited liability company is the citizenship of each of its members). (*See* Affidavit of Scott Scharfenberg, attached as Exhibit C, and Business Profile Record for Couche-Tard U.S. Inc., attached as Exhibit D). The only relevant inquiry for the purpose of determining citizenship of a limited liability company is the citizenship of each of its members, as explained by *Cosgrave*:

> The principal defendant is Joseph Bartolotta, but his company—Mary-Bart, LLC—is also named as a defendant; and in a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up. … Mary–Bart is neither a partnership nor a corporation, but a "limited liability company." [W]e conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.

*Cosgrave*, 150 F.3d at 731 (internal citations omitted).

4. This matter arises out of an incident that occurred on May 24, 2019 at a Mac's Convenience Store gas station located in Madison, Indiana. Plaintiff, Kathleen Rousch, filed a Complaint in the Jefferson Circuit Court, styled Kathleen Rousch v. Mac's Convenience Stores, LLC, Cause No. 39C01-2011-CT-00814. (*See* Exhibit A).

5. Defendant was served with Summons and the Complaint on November 12, 2020. (*See* Proof of Service, attached as Exhibit E).

6. Defendant has a statutory right to file its Notice of Removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the ***initial pleading*** setting forth the claim for relief …" 28 U.S.C. § 1446(b) (*emphasis added*). Given the date of service on November 12, 2020, Defendant's Notice of Removal is timely. *See* Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270 (7th Cir. 1982). This requirement is in place to give the

defendant a fair notice of the substantive nature of the claims and a reasonable opportunity to weigh the advantages and disadvantages of continuing in state court or removing the action to federal court. Scott v. Toyota Motor Corporation, 1987 U.S.Dist. Lexis 2628 at *4 (N.D.Ill. March 27, 1987). The thirty-day time frame has not yet run on Defendant's right to seek removal of this action and this Notice is therefore timely.

7. The Complaint alleges that Plaintiff has sustained "serious bodily injury" and "medical bills and expenses, loss of income, pain, suffering, and inconvenience, and permanent impairment." *See* Exhibit A. In addition, Plaintiff admitted that damages exceed $75,000. *See* Exhibit B. Given the nature of these allegations, the Defendant believes in good faith the amount in controversy exceeds the jurisdictional amount of $75,000.00, exclusive of interest and costs.

8. There is complete diversity of citizenship between the Plaintiff and the Defendant.

9. The Complaint was filed on November 6, 2020. (*See* Exhibit A). Service was made on November 12, 2020. (*See* Exhibit E).

10. With the service upon Defendant occurring on November 12, 2020, this Notice was filed within (30) thirty days of "the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

11. As required by 28 U.S.C. § 1446 (d), the Defendant will promptly serve upon Plaintiff's counsel and file with the Jefferson Circuit Court a true and correct copy of this Notice.

12. By removing this action, the Defendant does not waive any defenses available to it.

13. If any question arises as to the propriety of the removal of this action, the Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

14. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, MAC'S CONVENIENCE STORES, LLC d/b/a CIRCLE K, prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Respectfully Submitted,

SMITHAMUNDSEN LLC

By: */s/Michelle L. Casper*
Michelle L. Casper, #26135-45

Michelle L. Casper, Esq.
Attorneys for Defendant
SMITHAMUNDSEN LLC
150 N. Michigan Ave., Ste. 3300
Chicago, Illinois 60601
(312) 894-3200

4

## CERTIFICATE OF SERVICE

I certify that on the **14th** day of **December, 2020,** service of a true and complete copy of the above and foregoing pleading or paper was made upon all counsel of record by depositing the same in the United States mail, first-class postage prepaid, in envelopes properly addressed to each of them and by e-mailing a copy to the attorney of record.

                                       *Dee Morales*

Dee Morales
SMITHAMUNDSEN LLC
150 N. Michigan Ave., Ste. 3300
Chicago, Illinois 60601
(312) 894-3200